UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAURIE COMEAUX** | : | **DOCKET NO. 2:06-cv-1635** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

### BACKGROUND

On October 5, 2001, Laurie Comeaux filed an application for a period of disability and disability insurance benefits, alleging disability beginning September 9, 2001. The claim was denied initially and on reconsideration. Comeaux then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on September 11, 2002, and on December 19, 2002, the ALJ issued a decision finding that Comeaux was not disabled under the Act (Tr. 23-39). She appealed to the Appeals Council, and on January 16, 2004, the Appeals Council vacated the 2002 decision and remanded for further proceedings. (Tr. 347-349). Specifically, the Appeals Council found

that "the residual functional capacity established by the ALJ demonstrated the need for evidence from a vocational expert regarding the effect of plaintiff's exertional and non-exertional limitations on the occupational base of light jobs." (Tr. 348) Additionally, the Appeals Council noted that plaintiff's record was incomplete because the tape of her hearing could not be located.

A second hearing before an ALJ was held on January 25, 2006. On March 13, 2006, the ALJ rendered an unfavorable decision finding at Step 4 of the sequential analysis that plaintiff could return to her past relevant work, and therefore that she was not disabled. (Tr. 10-20). Comeaux appealed this decision to the Appeals Council, and on June 8, 2006, the Appeals Council denied the request for review. (Tr. 6-8). On September 22, 2006, Comeaux filed a petition for review with this court, seeking reversal of the Commissioner's decision on the grounds that there is not substantial evidence to support the ALJ's Residual Functional Capacity determination that she could perform her past relevant work. Specifically, Comeaux argues that the ALJ failed to make explicit findings as to the physical and mental demands of her past relevant work and improperly concluded that she retained the ability to understand detailed instructions and to concentrate and perform detailed tasks despite his finding that she had moderate limitations in maintaining concentration, pace, and persistence and . (Tr. 16).

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the claimant has the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work. If the Commissioner meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Following a determination at Step 3 that the claimant is not disabled, the ALJ will assess and make a determination regarding the claimant's residual functional capacity based on all of relevant

medical evidence and other evidence in the record. 20 CFR § 404.1520(e). In this case, the ALJ determined that Comeaux

> has the residual functional capacity to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, sit/stand for 6 of 8 hours, and walk 4 of 8 hours. [Comeaux] has unlimited ability to push/pull, with normal gross dexterity, but limited fine dexterity. [Comeaux] is also limited in her ability to climb stairs, ropes, and ladders, and limited ability to stoop or squat. She retains the ability to get along with others, understand detailed instructions, concentrate and perform detailed tasks, and respond and adapt to workplace changes and supervision.(Tr. 16).

Based on this RFC finding and vocational expert testimony, the ALJ concluded that Comeaux could perform her past relevant work which was characterized as skilled and sedentary to light in exertion. (Tr. 19).

Comeaux contends that the RFC as determined by the ALJ included an ability to follow detailed instructions and failed to account for the limitations of concentration, persistence, and pace recognized by the ALJ at Step 3. Additionally, Comeaux argues that the hypothetical posed to the Vocational Expert was defective because the ALJ did not include these limitations.

At Step 4, "the ALJ determines the claimant's residual functional capacity (RFC), which is a determination, based on the evidence in the record, "of the most the claimant can still do despite [her] physical and mental limitations." *Beene v. McMahon,* 226 Fed.Appx. 348, 349 (5th Cir. 2007), citing *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir.2005). The RFC must be supported by the evidence in the record. In this case, the ALJ determined that plaintiff had the ability to "understand detailed instructions, concentrate and perform detailed tasks" despite his earlier finding that she suffered from a moderate limitation in persistence, pace, and concentration. This finding is based upon statements in Comeaux's medical records which indicate that her memory, attention and concentration skills were intact (Tr. 147, 153) and that her concentration and attention were normal (Tr. 138-39). However there is also medical evidence which suggests that Comeaux has poor

4

concentration (Tr. 143) and that her "delayed auditory memory was 50%, suggesting a moderate impairment [and her] [a]uditory memory consolidation was completely impaired after 30 minutes." (Tr. 153). Additionally, the only medical evidence in the record that directly addresses Comeaux's ability to follow detailed instructions notes that her ability to understand and remember detailed instructions is moderately limited. (Tr. 154). Accordingly the undersigned finds that there is not substantial evidence to support the ALJ's determination that Comeaux retained the functional capacity to follow detailed instructions and that Comeaux could return to her past relevant work.

Generally, when a denial of benefits at Step 4 is not supported by substantial evidence, remand for evaluation at Step 5 is appropriate. *Stephens v. Cater,* 1995 WL 696677, *1 (5th Cir. 1995). However, in this case remand is not necessary because the vocational expert testimony at the hearing addressed whether Comeaux could perform other work. At the hearing, the ALJ obtained testimony from a vocational expert which indicated that even if plaintiff could not return to her past relevant work[1], she has transferrable skills which would allow her to perform jobs that are unskilled in nature and which exist in substantial numbers in the national economy. (Tr. 509-510). Unskilled work would not be incompatible with a moderate limitation in concentration, persistence, and pace and/or following detailed instructions. *See* 20 CFR § 404.1568(a); *Miles v. Barnhart,* 374 F.3d 694, 700 (8th Cir. 2004); *Lewis v. Barnhart,* 353 F.3d 642, 648 (8th Cir.2003) (although claimant moderately impaired in ability to understand, remember and carry out detailed instructions and maintain attention and concentration for long periods of time, she could return to past relevant work as assembler). Thus, the undersigned finds that the evidence does support a finding that Comeaux

---

[1] The vocational expert testified that if plaintiff required a sit/stand option, allowing her to sit or stand will, she would not be able to perform her past relevant work. (Tr. 508). The vocational expert further testified that if plaintiff required a sit/stand option, "there's some unskilled jobs that she could perform." (Tr. 509).

is not disabled at Step 5.

For these reasons,

IT IS RECOMMENDED that Plaintiff's petition for judicial review of the Commissioner's denial of social security benefits be DENIED and that this matter be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, December 11, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE